NO. 401-02643-2008

| | | |
|---|---|---|
| RCC BROCKDALE PARK ESTATES, LTD., | § § § § | IN THE DISTRICT COURT |
| *Plaintiff,* | § § | |
| vs. | § § | OF COLLIN COUNTY, TEXAS |
| SEIS LAGOS UTILITY DISTRICT; JENNIFER M. HART, NICK L. CALAUTTI, RICHARD F. COLLINS, AND ROLANDO RAMON, | § § § § § § | |
| *Defendants.* | § § | 401 JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR INJUNCTION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW RCC Brockdale Park Estates, Ltd. and complains of Defendants Seis Lagos Utility District, Jennifer M. Hart, Nick Calautti, Richard F. Collins, and Rolando Ramon, and for cause of action would respectfully show the Court the following:

I.

PARTIES

1.  Plaintiff RCC Brockdale Park Estates, Ltd., is a Texas limited partnership ("RCC"). Defendant Seis Lagos Utility District (the "District") is a utility corporation duly organized and existing under the laws of the State of Texas and can be served with process by serving its attorney, Julie Fort, Esq., Strasburger Price, LLP, 2801 Network Boulevard, Suite 600, Frisco, Texas 75034.

2.  Defendant Jennifer M. Hart can be served with process at her residence at 1021 Santiago Trail, Wylie, Texas 75098. Defendant Nick L. Calautti can be served with process at his residence at 303 Lago Grande Trail, Wylie, Texas 75098. Defendant

Richard F. Collins can be served with process at his residence at 405 Carriage Trail, Wylie, Texas 75098. Defendant Rolando Ramon can be served with process at his residence at 1019 Santiago Trail, Wylie, Texas 75098. The Texas Attorney General will be served with notice of the alleged unconstitutionality of the District's actions through Greg Abbott, Attorney General at the Price Daniel, Sr. Building, 209 W. 14th & Colorado Street, Austin, Texas 78711-2548 pursuant to Texas Civil Practice and Remedies Code § 37.006.

II.

JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to Texas Government Code § 25.0635(d) because this cause is an application for breach of contract, injunction, declaratory judgment and damages in excess of the minimum jurisdictional limits for this court.

4. Venue is proper in Collin County because the District is located in Collin County and the cause of action involves land located in Collin County.

III.

DISCOVERY PLAN

5. Discovery in this case is intended to be conducted under Level 2 of Rule 190 of the Texas rules of Civil Procedure.

IV.

FACTS

6. RCC owns property in Collin County (the "Property"). RCC entered into a contract to purchase the Property on or about February 8, 2007. At that time, the Property was contiguous to the District and not located within the corporate boundaries of any city. The Property is located within the extraterritorial jurisdiction of the City of Lucas.

7.  RCC and the District entered into an Annexation and Development Agreement, effective on or about July 2007 (the "Annexation Agreement"), providing for, among other things, the District to annex the Property and be the retail provider of water and wastewater service to the Property.

8.  The Annexation Agreement obligates the District to process the necessary development applications in good faith in order to facilitate the agreed-to development of the Property. All parties were aware that a cooperative effort would be required to obtain necessary permit approvals in a timely manner.

9.  On or about August 10, 2007, the parties entered into their first amendment to the Annexation Agreement ("First Amendment"). The First Amendment made the annexation of the Property a contingency on the closing of the Property by RCC.

10. On or about September 24, 2007, the parties entered into their second amendment to the Annexation Agreement ("Second Amendment"). The Second Amendment provided for certain timeframes if it was determined that Chapter 42, TEX. LOC. GOV'T CODE applied to the annexation of Plaintiff's Property. RCC filed an annexation petition with the District. Counsel for the District and the members of the Board agreed that Chapter 42 did not apply to the annexation of the Property by the District.

11. Several public hearings and meetings regarding the annexation of the Property were held by the Board. Pursuant to paragraphs 3.1 and 3.6 of the Annexation Agreement, the District approved Plaintiff's petition for annexation at the District Board Meeting of November 19, 2007 ("Annexation").

12. On April 11, 2008, RCC filed a petition, as a courtesy and without waiving any legal rights, with the Texas Commission on Environmental Quality requesting the Property be added to and included in the District, pursuant to Section 54.016(d) of the Texas Water Code.

13. On or about October 21, 2007, several residents of Seis Lagos, including Rolando Ramon, Jennifer Hart, and Richard Collins of the named individual Defendants, filed suit in the 366th District Court of Collin County to invalidate the Annexation. By Orders dated July 2008, Judge Brewer held that the Plaintiffs lacked standing to challenge the annexation of the Property because the Annexation was not void.

14. The individual Defendants became Board members of the District following the May, 2008 election. They immediately embarked on an effort to delay or prevent Plaintiff's proposed development of the Property in accordance with the Annexation Agreement. Defendants voted on August 7, 2008 to void the Annexation.

15. RCC filed a request for preliminary plat approval which the Board refused to approve. RCC has undertaken the following actions in reliance upon the District's Annexation:

(1) RCC purchased the property on August 10, 2007;

(2) As required by the Annexation Agreement, RCC fully designed phase one of the Property and submitted same to the board.

RCC has spent in excess of $5,000,000.00 in reliance upon the District's Annexation of the Property and its maximum damages at this point in time are $5,000,000.00.

16. On August 8, 2008, RCC notified the District that it was in default of the Annexation Agreement and had violated the provisions of its enabling statute and the Texas Water Code. Demand was made that the District cure its default by rescinding the action taken within ten (10) days. The District failed to cure its default.

17. Upon information and belief, the individual Defendants have been in communication with representatives of the City of Lucas to discuss ways to limit or prevent development of the Property in accordance with the Annexation Agreement. Immediately after the Board voted to void the Annexation, the City of Lucas started the process of annexing the Property under Chapter 43, TEX. LOC. GOV'T CODE. Lucas' comprehensive plan shows the land uses of this Property as minimum two (2) acre lots. Lucas is unable to annex the Property if it is located within the boundaries of the district. As a result of the District "voiding" the Annexation of the Property into the District's boundaries, Lucas now feels free to annex the Property.

V.

PLAINTIFF'S CLAIMS FOR RELIEF

Count 1

Application for Injunction

18. The allegations in Paragraphs 1 through 17 above are realleged and incorporated herein by reference as if set forth in this Count.

19. Plaintiff seeks an injunction to restrain and enjoin the Defendants from taking any action to rescind the Annexation of the Property, violate the Annexation Agreement or to take any action to adversely impact Plaintiff's development project.

20. The Defendants' actions threaten irreparable harm to the Plaintiff because the delay in obtaining necessary permits may cause the Plaintiff to miss its opportunity to develop the Property. Plaintiff will suffer irreparable harm due to the inability to continue the development process on its land.

21. The Defendants' conduct is completely without right or entitlement because the law does not authorize the Defendants to take actions to rescind an annexation several months old or to violate the Annexation Agreement.

22. Plaintiff will be damaged, and will continue to be damaged, by the Defendants' conduct by failing to proceed in good faith to recognize the validity of the Annexation of the Property, expeditiously seek approval of pending applications, and due to immeasurable loss in business revenues.

23. Plaintiff has no adequate remedy at law for the injuries described. The injuries and losses will be continuing in nature. The rights of the Plaintiff are unique and irreplaceable, so it will be impossible to accurately measure, in monetary terms, the damages caused by the Defendants' conduct.

24. Unless the Defendants are immediately restrained from refusing to comply with the Annexation Agreement, Defendants will commit the foregoing acts before notice can be given and a hearing is had on Plaintiff's Application for Permanent Injunction, and if the commission of these unauthorized acts is not restrained immediately, Plaintiff will suffer immediate and irreparable injury.

### Count 2

### Declaratory Judgment

25. The allegations in Paragraphs 1 through 24 above are realleged and incorporated herein by reference as if set forth in this Count.

26. Plaintiff seeks a declaratory judgment pursuant to the Texas Declaratory Judgment Act, TEX. CIVIL PRAC. AND REM. CODE, § 37.001, et seq., that the November 19, 2007 Annexation is neither void nor voidable.

27. Plaintiff seeks a declaratory judgment pursuant to the Texas Declaratory Judgment Act, TEX. CIVIL PRAC. AND REM. CODE, § 37.001, et seq., that the Annexation of the Property does not require the consent of the City of Lucas.

28. Plaintiff seeks a declaratory judgment pursuant to the Texas Declaratory Judgment Act, TEX. CIVIL PRAC. AND REM. CODE, § 37.001, et seq., that the District's powers are limited to excluding and adding land to the District pursuant to Chapter 54 of the Texas Water Code, and that the District cannot "void" the previously authorized Annexation.

29. In the alternative, Plaintiff seeks a declaratory judgment pursuant to the Texas Declaratory Judgment Act, TEX. CIVIL PRAC. AND REM. CODE, § 37.001, et seq., that, if the Court finds that the November 17, 2007 Annexation is voidable but not void, the Board lacks standing to void the Annexation.

## Count 3

### Breach of Contract

30. The allegations in Paragraphs 1 through 29 above are realleged and incorporated herein by reference as if set forth in this Count.

31. Defendants have violated § 3.1, 3.6 and 3.11 of the Annexation Agreement. Plaintiff requests the Court to declare that the Defendants have breached the Annexation Agreement, order the Defendants to comply with the Annexation Agreement and pay damages to Plaintiff for the breach of the Annexation Agreement.

## Count 4

### Due Process/Due Course

32. The allegations in Paragraphs 1 through 31 above are realleged and incorporated herein by reference as if set forth in this Count.

33. The District has treated Plaintiff in a different, arbitrary and precarious manner than other landowners. Defendants, in concert with third parties, have acted outside of their governmental role as Board members and have acted as a private party protestant to Plaintiff's

development in manipulating the governmental machinery of the District to harm Plaintiff. Defendants have deprived Plaintiff of their procedural and substantive due process and due course rights under the Texas Constitution and U.S. Constitution.

### Count 5

### Tortious Interference of Contract

34. The allegations in Paragraphs 1 through 33 above are realleged and incorporated herein by reference as if set forth in this Count.

35. The individual Defendants have intentionally, willfully and wrongly interfered with Plaintiff's rights under the Annexation Agreement. Plaintiff requests the Court to order Defendants to pay damages to Plaintiff.

### Count 6

### Civil Conspiracy

36. The allegations in Paragraphs 1 through 35 above are realleged and incorporated herein by reference as if set forth in this Count.

37. The District, Defendants and various third parties have conspired to deprive Plaintiff of its legal and civil rights for personal and political gain in violation of Texas and U.S. statutory and constitutional law. This conspiracy has resulted in actions which have lowered the market value of Plaintiff's land, delayed Plaintiff's development, and greatly damaged Plaintiff. Plaintiff reserves the right to name additional third party conspirators following discovery in this case.

## Count 7

### Inverse Condemnation

38. The allegations in Paragraphs 1 through 37 are realleged and incorporated herein by reference as if set forth in this Count.

39. Defendants wrongfully voided the Annexation. Those actions, as well as others taken by the District with respect to the development of the Property, have resulted in an unconstitutional taking of Plaintiff's property for which Plaintiff seeks compensation for a temporary and/or permanent taking under the Texas and U.S. Constitutions.

## Count 8

### U.S. Civil Rights Violations

40. The allegations in Paragraphs 1 through 39 are realleged and incorporated herein by reference as if set forth in this Count.

41. The Defendants are liable to Plaintiff for violation of Plaintiff's constitutional rights pursuant to 42 U.S.C. § 1983 because the Defendants have deprived Plaintiff of its federal constitutional rights under the color of state law.

## Count 9

### Attorneys' Fees

42. The allegations in Paragraphs 1 through 41 above are realleged and incorporated herein by reference as if set forth in this Count.

43. Under the authority of the Texas Declaratory Judgment Act, Texas Civil Practice and Remedies Code, Chapters 37 and 38, Plaintiff additionally claims reasonable attorney's fees, both in the trial of this cause and in connection with any subsequent appeal.

44. Under the authority of 42 U.S.C. § 1988, Plaintiff claims reasonable attorneys' fees, both in the trial of this cause and in connection with any subsequent appeal.

VI.

CONDITIONS PRECEDENT

45. All conditions precedent to Plaintiff being entitled to bring this action and recover the relief requested herein have been performed, have occurred or have been waived.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests as follows:

(1) That the court issue a temporary and permanent injunction restraining the District, its agents, servants and employees, and the Individual Defendants from voiding the Annexation, breaching the Development Agreement or delaying the approval of pending development applications;

(2) That the Court enjoin Defendants from taking any action to delay or hinder the granting of permit applications requested by Plaintiff;

(3) That the Court issue the declarations requested herein;

(4) That the Court award to Plaintiff damages suffered in excess of the minimum jurisdictional limits of this Court;

(5) That the Court award cost of suit, attorney's fees and prejudgment and postjudgment interest as provided by law; and

(6) That the Court award such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

WINSTEAD PC
1201 Elm Street, #5400
Dallas, Texas 75270
(214) 745-5745 – Phone
(214) 745-5390 – Fax

By: _____
Arthur J. Anderson
State Bar No. 01165957

**ATTORNEYS FOR PLAINTIFF
RCC BROCKDALE PARK ESTATES, LTD.**

## VERIFICATION

THE STATE OF TEXAS  §
                    §
COUNTY OF TARRANT   §

BEFORE ME, the undersigned authority on this day personally appeared RICHARD MYERS, President of REALTY CAPITAL PARTNERS II, INC., a Texas corporation, general partner of RCC BROCKDALE PARK ESTATES, LTD, personally known to me and who after being duly sworn according to law upon his oath deposed and stated that he has read the foregoing Plaintiffs' Original Petition and Application for Injunction and that each of the facts contained within it are true and correct and based upon his personal knowledge.

                                        RCC BROCKDALE PARK ESTATES, LTD

                                        By:    Realty Capital Partners II, Inc.
                                                   a Texas corporation
                                        Its:    general partner

                                          By: _____
                                               Richard Myers, President

SUBSCRIBED AND SWORN TO BEFORE ME on this the 28th day of August, 2008, to certify which witness my hand and seal of office.

                                                _____
                                              Notary Public - State of Texas

[Notary Seal: LESLIE ANN BARDO, Notary Public, State of Texas, My Commission Expires 12-13-09]

Dallas_1\5254483\2
47656-1 8/27/2008